# International Harvester Company of America v. Commonwealth.

(Decided June 13, 1912.)

## Appeal from Boyle Circuit Court.

HUMPHREY & HUMPHREY for appellant.

JAMES GARNETT, Attorney General, CARROLL & CARROLL, T. C. CARROLL and GEO. D. FLORENCE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This case is decided upon the authority of Commonwealth v. International Harvester Co., 131 Ky., 555, and International Harvester Co. v. Commonwealth, 147 Ky., 655.

The same questions are raised upon this appeal that were presented in International Harvester Company v. Commonwealth, 147 Ky., 655. In that case the prosecution was by indictment; here, it is by penal action. In each case the offense is charged to have been committed before the appellant withdrew from this State, though the penal action was not brought until after it had done so. The proceedings are identical, in that, in each a fine is sought to be imposed for the violation of a statute.

The first ground relied upon for reversal is, that the person, upon whom summons was served, was not an agent of the company but merely a solicitor for the company, so the company could not be brought before the court on such service. The person, upon whom the process in this case was served, occupied the same relation to the company that the person, upon whom service was had in the Breckenridge county case above referred to, and for the reasons assigned in that case, we now hold that the service was good.

It is next urged that section 3915, Kentucky Statutes, as amended by section 3941a, Kentucky Statutes, is unconstitutional and violative of the fourteenth amendment to the Federal Constitution. This same point was raised in the case of Commonwealth v. International Harvester Co., 131 Ky., 555, and decided adversely to the contention of the company. Again, in International Harvester Co. v. Commonwealth, 147 Ky., 655, the validity of these statutes was called in question, and the court asked to

recede from the opinion as expressed in Commonwealth v. International Harvester Co., 131 Ky., 555. Upon consideration, the court adhered to the views as expressed in that case and held the acts valid and not violative of any of the provisions of either the State or Federal Constitution. Upon the authority of those cases and for the reasons therein expressed, without elaborating the question here, we hold that the acts are valid and do not violate the fourteenth amendment to the Federal Constitution.

Judgment affirmed.